**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **GREGORY C. VANOVER**<br>5100 Fairfield Avenue<br>Fairfield, Ohio<br><br>        Plaintiff,<br><br>  v.<br><br>**BANK OF AMERICA, N.A.**<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**With Jury Demand** |

Plaintiff Gregory C. Vanover ("Plaintiff"), through Counsel, and for his Complaint against Defendant Bank of America, N.A. ("BANA") hereby states the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Gregory C. Vanover is a natural person who is the owner of the real property located at 5100 Fairfield Avenue, Fairfield, Ohio (the "Residence").

2. At all times relevant herein the Plaintiff has maintained and currently maintains the Residence as her primary, principal residence.

3. Defendant Bank of America, N.A. is a corporation incorporated under the laws of the State of Delaware who is registered with the Ohio Secretary of State. BANA maintains its principal place of business at 100 N. Tryon Street, Charlotte, NC 28255. BANA is the owner

and/or servicer for mortgage loans across the United States including servicing mortgages for properties in the State of Ohio.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Fair Debt Collection Practices Act, 15 § U.S.C. 1692, *et seq.* ("FDCPA"), as well as 11 U.S.C. § 105.

5. This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as Plaintiff resides and the Residence is within this District and the events giving rise to the claims asserted herein took place in this District.

## INTRODUCTION

7. Like many individuals over the past decade, the Plaintiff experienced financial difficulties and made the decision to seek relief by filing for Chapter 13 under Title 11 of the United States Code to seek relief on existing mortgage arrearages and seeking a discharge of his other unsecured debts after completing his Chapter 13 repayment plan.

8. Unlike many individuals who enter Chapter 13, the Plaintiff's Mortgage had a defect in perfection under state law which necessitated an adversary proceeding to be initiated by the Chapter 13 Trustee which was resolved by an Agreed Judgment Entry which declared the Lien unenforceable as to the lienholder at that time, GreenTree Mortgage Servicing, and all successors including BANA and the Plaintiff's liability on the mortgage discharged if the Plaintiff successfully completed his Chapter 13 Plan.

2

9. The Plaintiff successfully completed his Chapter 13 Plan and received a discharge. At the time he received his discharged, armed with the Agreed Judgment Entry, he believed his liabilities on the mortgage had been discharged which included any liabilities to BANA.

10. The Plaintiff's belief was shattered when an action for Foreclosure on behalf of Defendant BANA seeking a Judgment Entry and Decree in Foreclosure both *in rem and in personam* post-discharge was filed.

11. Only after Defendant BANA's foreclosure counsel was contacted by Plaintiff's Bankruptcy Counsel did they seek dismissal of the foreclosure. Astoundingly, instead of dismissing the frivolous complaint with prejudice, BANA chose to dismiss the foreclosure without prejudice, preserving Defendant BANA's rights to again seek relief on a note and mortgage they have no right to enforce pursuant to two separate orders of the Bankruptcy Court.

12. As a direct result of BANA's conduct directly and through their authorized representative, the Plaintiff has had to spend time and money on travel to his Bankruptcy Counsel, has incurred legal fees seeking the dismissal, and now lives with the constant fear, anxiety and concern that Defendant BANA will once again disobey two orders of the Bankruptcy Court again and wrongfully seek to foreclose on his home.

## **BACKGROUND FACTS**
**(Chapter 13 Bankruptcy)**

13. On May 27, 2011, the Plaintiff along with his now deceased wife filed a voluntary petition for relief under Title 11 of Chapter 13 of the Bankruptcy Code, Case No. 11-13349 filed

3

in the United States Bankruptcy Court for the Southern District of Ohio, Cincinnati Division. A copy of the docket of the case from the United States Bankruptcy Clerk of Courts is attached as Exhibit A.

14. At the time the petition was filed the Plaintiff listed his interest in the Residence on Schedule A as well as the disputed secured claim held by BANA on Schedule D noting that the secured claim would be paid as unsecured and adversarial complaint to be filed as Acknowledgment is Blank. *Exhibit A,* Doc. 1 at p. 10 and 16.

15. In addition to listing the possible disputed status of the mortgage to BANA, the Plaintiff's Confirmed Chapter 13 Plan filed on August 10, 2011, attached as Exhibit B, stated in Paragraph 30 that:

> "Debtor(s) propose that within two (2) years of the date of the filing of the petition that the Trustee initiate an avoidance and/or preference adversary proceeding as to the 1st Mortgage of Bank of America pursuant to US Bankruptcy Code Section 11 USC sec. 544 as the Mortgage is not effective against the estate due to the lack of debtors' names properly recited in the acknowledgment. The liquidation analysis proffered by Debtor(s) and resulting in the proposed plan percentage reflect the successful avoidance of the Mortgage by the Trustee. Debtor(s) have executed or will execute a release allowing the Trustee discretion to settle, dismiss or elect not to bring such an adversary proceeding as warranted by the facts discovered prior to or during the proposed adversary proceeding. If the outcome of the adversary proceeding does not result in the avoidance of the Mortgage, then upon notice by the Trustee to the Debtor(s), Debtor will move to modify the Plan accordingly. The Trustee is authorized to begin disbursements on Creditor's claim, pending filing and completion of the adversary proceeding, as though the claim were determined to be unsecured"
> *Exhibit B* at p. 13

16. The Plaintiff's Chapter 13 Plan was then confirmed on September 13, 2011.

17. On August 6, 2012, the Mortgage was assigned from Defendant BANA to Green Tree Servicing LLC in Butler County Book of Records Book 8348, Page 2174.

18. On January 29, 2013, the Chapter 13 Trustee initiated the adversary proceeding referenced in both Plaintiff's Schedules and Confirmed Plan in Adversary Case No. 13-ap-1010, *Margaret A. Burks, Trustee v. Green Tree Servicing LLC* filed in the United States Bankruptcy Court in the Southern District of Ohio, Western Division at Cincinnati. (The "Adversary Proceeding").

19. The result of the adversary proceeding was an Agreed Judgment Entry entered on May 23, 2013 between the Trustee and Green Tree Servicing which is attached as Exhibit C. Pursuant to the Agreed Judgment Entry, the parties agreed to the following pertinent terms:

- The Parties agree that the Defendant's (Green Tree Servicing LLC) mortgage is hereby avoided and preserved for the benefit of the Bankruptcy Estate. *Exhibit C* at p. 2

- The Parties agree that the Defendant (Green Tree Servicing LLC) is declared an unsecured creditor. *Id.*

- Should the Debtor complete her plan, including payment of a dividend of 76% to the Defendant, then Defendant's claim shall also be discharged. **Defendant and its successors and assigns shall be enjoined from attempting to perfect the lien pursuant to any pre-petition security agreement granted to it by Debtor.** *Id.* (emphasis added).

- This Agreed Judgment shall bind the parties and their successors and assigns. *Id.*

5

20.     Following resolution of the Adversary Proceeding the voided mortgage was assigned by Green Tree Servicing LLC to Defendant BANA on February 6, 2014 in the Butler County Book of Records Book 8667, Page 2118.  Defendant BANA also timely filed an Assignment of Claim in the Bankruptcy Case on March 25, 2014.  *Exhibit A*, at Doc. 76 and 77

21.     The Plaintiff then received his discharge of his Chapter 13 Bankruptcy on May 21, 2016.  *Id.* at Doc. No. 85.

### (Post Discharge)

22.     Armed with his discharge and the Agreed Judgment Entry in the Adversary Proceeding the Plaintiff's liability on any mortgage to the residence, including any liability owed to Defendant BANA had been discharged.

23.     Notwithstanding the Bankruptcy Court order, on December 15, 2017 Defendant BANA, filed *Bank of America, N.A. v. Gregory C. Vanover, et al*., Case No. CV 2016 12 2640 in the Butler County (Ohio) Court of Common Pleas.  A copy of the foreclosure complaint is attached as Exhibit D.

24.     In the foreclosure complaint, Defendant BANA stated:

- Paragraph 3: The Mortgage was recorded on January 10, 2008 as Official Records Volume 7977, Page 569, Butler County, Ohio records.  *Exhibit D* at p.2

- Paragraph 4: The Mortgage is a lien on the property described more fully in the attached Mortgage.  *Id.*

- Paragraph 5: The Note and Mortgage are in default.  Plaintiff has satisfied conditions precedent and declared the entire balance due and payable.  *Id.*

- Paragraph 7: ….However, Gregory C. Vanover remains personally obligated for the amount due on the Note. Plaintiff is due upon the Note the principal amount of $87,319.54, plus interest outstanding on the principal amount at the rate of 7.5% per annum from June 1, 2016, plus late charges and advances and all costs and expenses incurred for the enforcement of the Note and Mortgage. *Id.*
- Paragraph 16: Plaintiff prays for the following relief:
  ◦ Judgment against Gregory C. Vanover in the principal amount of $87,319.54... *Id.* at p. 3
  ◦ A finding that the Mortgage is a valid and subsisting lien on the Property, subject only to any lien that may be held by the County Treasurer that has priority over the Mortgage as a matter of law. *Id.* at p. 3

25. Upon receiving this Complaint, the Plaintiff was shocked, frustrated, anxious, embarrassed, and otherwise emotionally distraught that Defendants were attempting to foreclose on the Mortgage that the Plaintiff had received a discharge of personal liability in his Chapter 13 Bankruptcy as well as received an order from the Bankruptcy Court in which BANA's predecessor agreed to bind itself and successors from enforcing the mortgage.

26. The Plaintiff immediately contacted his Bankruptcy Counsel in late December 2016. Plaintiff's Bankruptcy Counsel then engaged in a series of telephonic and email conversations with Manley Deas Kochalski as BANA's counsel in an attempt to get this foreclosure complaint dismissed.

27. After a month of angst for the Plaintiff about the possibility of losing his home on January 17, 2017 Defendant BANA, filed *Motion to Dismiss Plaintiff's Claims under Rule 41(A)(2)* which is attached as Exhibit E to this Complaint. In their Motion, the Defendants requested the ability to dismiss the foreclosure under Civ. R. 41(A)(2) without prejudice for the reason "that Plaintiff has elected not to continue prosecuting this action at this time". *Exhibit E* at p. 1.

28. On January 19, 2017, the Butler County Court of Common Pleas issued an Order Dismissing Plaintiff's Claims under Civ. R. 41(A)(2) without prejudice which is attached as Exhibit F.

29. Since the dismissal the Plaintiff has received no additional attempts to collect on the Mortgage, including further credit diminution, from Defendant BANA however he continues to live in constant fear and concern that Defendant BANA will wrongfully seek to assert a right to enforce a mortgage and/or seek personal liability on the mortgage in direct contradiction to his Discharge Order and the Agreed Judgment Entry.

30. BANA's willful and careless actions have caused the Plaintiff to continue to suffer emotional distress driven by fear, anxiety and mistrust in both the Judicial System of the Bankruptcy Court and the Judicial System as a whole.

31. Based on the actions of BANA, the Plaintiff seeks recovery for the claims alleged, *infra*, summarized as follows:

8

| COUNT<br>STATUTE VIOLATED | SUMMARY OF CLAIM AND VIOLATIONS |
|---|---|
| **COUNT ONE**<br><br>15 U.S.C. 1692(d), 1692(e), 15 U.S.C. 1692(f)<br><br>*FDCPA – Unfair and Unconscionable Means to Collect Debt* | Authorizing the Filing of the Foreclosure Complaint, the Motion to Dismiss and the Order Dismissing the Foreclosure without prejudice were all unfair and unconscionable means to collect the debt in light of the orders from the Bankruptcy Court.<br><br>*Violations:*<br>● **All actions taken by Defendant BANA to collect upon the debt since September 14th, 2016 including the pleadings in the Foreclosure Complaint are unfair and unconscionable means to collect the debt.** |
| **COUNT TWO**<br><br>11 U.S.C. 105/11 U.S.C. 524<br><br>*Bankruptcy Code – Violation of Discharge Order* | Filing the Foreclosure Complaint seeking a personal judgment against the Plaintiff is a clear violation of the Order of Discharge. |
| **COUNT THREE**<br><br>11 U.S.C. 105<br><br>*Bankruptcy Code – Contempt for Violation of Adversary Order* | Filing the Foreclosure Complaint seeking to enforce a judgment and decree in foreclosure on a Mortgage that was avoided by the Agreed Judgment Entry in the Foreclosure is a clear act in violation of the Adversary Proceeding Order. |
| **COUNT FOUR**<br><br>INVASION OF PRIVACY BY INTRUSION UPON SECLUSION | All actions to collect on the Mortgage after the Discharge and the Adversary Order by Defendants violated the Plaintiff's reasonable expectation of privacy and are actions that any reasonable person in the position of the Plaintiff would never expect to occur |

**COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1692(d), (e), and (f)**

32. Plaintiff restates and incorporates herein all of his statements and allegations contained in paragraphs 1 through 31 in their entirety, as if fully rewritten.

33. Based upon the allegations and public records contained in Paragraph 21, the fact that Defendant BANA filed a foreclosure complaint at a time when the underlying debt had been discharged, and because BANA took ownership over the loan at a time when the loan was in default, BANA is a "debt collector".

34. The Plaintiff is a "consumer" as that term is defined within the FDCPA.

35. The mortgage loan on the residence was a debt used for household purposes.

36. The act of filing the foreclosure by Defendant BANA through its agent Manley Deas Kochalski seeking a personal judgment on a discharged debt violates 15 U.S.C. § 1692(d) as employing an unfair and unconscionable means to collect a debt.

37. The act of filing the foreclosure by Defendant BANA through its agent Manley Deas Kochalski seeking a personal judgment on a discharged debt violates 15 U.S.C. § 1692(e) and (e)(2) as it is a false representation as to the legal status of the debt which was discharged.

38. The act of filing the foreclosure by Defendant BANA through its agent Manley Deas Kochalski seeking a personal judgment on a discharged debt violated 15 U.S.C. § 1692(f) as unconscionable means to collect a debt.

39. The act of filing the foreclosure by Defendant BANA through its agent Manley Deas Kochalski seeking to enforce a mortgage that was unenforceable due to the Agreed Judgment Entry violates 15 U.S.C. § 1692(d) as employing an unfair and unconscionable means to collect a debt.

40. The act of filing the foreclosure by Defendant BANA through its agent Manley Deas Kochalski seeking to enforce a mortgage that was unenforceable due to the Agreed Judgment Entry violates 15 U.S.C. § 1692(e) and (e)(2) as it is a false representation as to the legal status of the debt which was unenforceable at the time Defendant BANA filed the foreclosure.

41. The action of filing the foreclosure by Defendant BANA through its agent Manley Deas Kochalski seeking to enforce a mortgage that was unenforceable due to the Agreed Judgment Entry violates 15 U.S.C. § 1692(f) as an unconscionable means to collect a debt.

42. Despite not actually re-filing for foreclosure yet, the Plaintiff is at constant risk of incurring additional unwarranted legal fees and costs as Defendant BANA has clearly demonstrated a willingness to disobey Orders of the Bankruptcy Court and seek to unlawfully collect a discharged and unenforceable debt.

43. In addition, BANA's conduct has caused the Plaintiff to suffer great emotional distress driven by the fear that he might lose his home which has resulted in loss of sleep, anxiety, depression, and embarrassment.

44. BANA's conduct was outrageous, willful, and wanton, and it showed a reckless disregard for the Plaintiff's rights.

45. BANA is liable to the Plaintiff for actual damages, statutory damages, and Plaintiff's attorney's fees and costs.

**COUNT TWO – VIOLATION OF 11 U.S.C. § 524 – DISCHARGE INJUNCTION**

46. The Plaintiff realleges all allegations contained in Paragraphs 1 through 31 as if fully restated herein.

47. This Court has jurisdiction of matters of the Bankruptcy Court pursuant to 28 U.S.C. § 1334(a).

48. 11 U.S.C. § 524(a)(2) states a discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

49. As stated above the Plaintiff received his discharge under Chapter 13 of Title 11 of the United States Code on May 19, 2016.

50. Based upon the confirmed plan (*Exhibit B)* and the Agreed Judgment Entry in the Adversary Proceeding (*Exhibit C)*, there is no doubt as of May 19, 2016 that the Plaintiff had no legal obligation on the underlying debt that Defendant BANA sought to collect.

51. Based upon Exhibits B and C, there is no doubt as of May 19, 2016 that Defendant BANA had no enforceable interest in the mortgage referenced in Exhibit C.

52. Based upon the allegations above, Defendant BANA filed a foreclosure complaint which sought to collect both a personal judgment on the discharged debt as well as sought to enforce an interest in the mortgage that they were prohibited from doing. *Exhibit D.*

53. Based on the allegations above in addition to the acts referenced in Paragraph 62 Defendant BANA, obtained a dismissal order in the Court of Common Pleas in which Defendant BANA preserved its "right" to again seek to collect both a personal judgment on a discharged

12

debt as well as the right to seek enforcement of an interest of a mortgage that they were prohibited from doing. *Exhibit F*.

54. The acts of Defendant BANA individually and through Manley Deas Kochalski described herein demonstrate a willful pattern of overt acts that violate the discharge order obtained by the Plaintiff which must be stopped.

55. As a result of the above violations of the discharge, the Plaintiff is entitled to recover against Defendant BANA an award of actual damages, punitive damages and legal fees and expenses pursuant to 11 U.S.C. § 105.

### COUNT THREE: CONTEMPT FOR VIOLATION OF ORDER OF BANKRUPTCY COURT

56. The Plaintiff realleges all allegations contained in Paragraphs 1 through 31 as if fully restated herein.

57. This Court has jurisdiction of matters of the Bankruptcy Court pursuant to 28 U.S.C. § 1334(a).

58. 11 U.S.C. § 105(a) permits the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title.

59. As stated above on May 23, 2013 Defendant BANA's predecessor-in-interest to the debt and the Chapter 13 Trustee entered into the Agreed Judgment Entry in the Adversary Proceeding which explicitly enjoined Defendant BANA from taking any further acts to perfect its interest in the Mortgage. *See Exhibit C*; see also Paragraph 25.

60. Exhibit C, the Agreed Judgment Entry, expressly stated the mortgage at issue was located in the Butler County Book of Records Book 7977, Page 569. *Exhibit C* at p. 2.

61. As stated above the Plaintiff received his discharge under Chapter 13 of Title 11 of the United States Code on May 19, 2016.

62. At the time of receiving his discharge the Plaintiff fulfilled the obligations in the Agreed Judgment Entry that discharged the mortgage claim held by Defendant BANA. *Exhibit C* at p. 2; see also Paragraph 25.

63. Despite the explicit language in the Agreed Judgment Entry forbidding BANA from attempting to enforce its interest in the mortgage, Defendant BANA filed a foreclosure complaint which not only expressly referenced the Mortgage incorporated into the Agreed Judgment Entry but also expressly asked the Court of Common Pleas to find the Mortgage once again enforceable. *See Exhibit D* at p. 2 and 3

64. There is no doubt in reviewing Exhibit D, the Agreed Judgment Entry, Exhibit E and Exhibit F, that Defendant BANA attempted to collect a debt in direct violation of the Agreed Judgment Entry and then attempted to mitigate their indiscretion.

65. At the time Exhibits D, E, and F were filed, Defendant BANA knew or should have known of the Agreed Judgment Entry and taken steps, especially in light of Defendant BANA's filings in the Chapter 13 proceeding, to ensure that upon the Plaintiff's discharge to ensure no party would take an action to pursue the discharged debt or take an action to create an enforceable mortgage as the debt and claim were discharged.

66. The acts of Defendant BANA individually described herein demonstrate a willful pattern of overt acts that violate the Agreed Judgment Entry which must be stopped by this Court.

67. As a result of the above violations, Defendant BANA is in contempt of the Agreed Judgment Entry and this Court should enter an award against the Defendant to the Plaintiff of actual damages, punitive damages and legal fees and expenses pursuant to 11 U.S.C. § 105.

## COUNT FOUR: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

68. The Plaintiff restates and realleges all allegations contained in Paragraphs 1 through 31 as if fully restated herein.

69. By filing the foreclosure action which is a matter of public record Defendant BANA intentionally interfered, physically or otherwise, with the solitude, seclusion, and/or private concerns of affairs of the Plaintiff.

70. By filing the foreclosure action in direct violation to the Order of Discharge granted to the Plaintiff by the Bankruptcy Court which discharged the liability on the Mortgage purportedly owed to Defendant BANA, BANA intentionally interfered, physically or otherwise, with the solitude, seclusion, and/or private concerns of affairs of the Plaintiff.

71. By filing the foreclosure action in direct violation to the Agreed Judgment Entry entered by Defendant BANA's predecessor in interest who bound Defendant BANA from enforcing the mortgage, Defendant BANA intentionally interfered, physically or otherwise, with the solitude, seclusion, and/or private concerns of affairs of the Plaintiff.

72. The Plaintiff at all times since his discharge had a reasonable expectation that the Bankruptcy Court orders would be followed by all parties, including Defendant BANA.

73. Based on the actions of Defendant BANA described above, *supra*, the Plaintiff was and is embarrassed by the Foreclosure Complaint filed by Defendant BANA in which Defendant BANA asserted a right to collect personally against the Plaintiff for a debt that was discharged.

74. Based on the actions of both Defendant BANA described above, *supra*, the Plaintiff was and is embarrassed by the Foreclosure Complaint filed by Manley Deas Kochalski on behalf of Defendant BANA in which Defendant BANA asserted its right to enforce a Mortgage that Defendant BANA's predecessor agreed in the Agreed Judgment Entry was unenforceable and no party could seek to further collect. The filing of the foreclosure complaint creates a permanent public record that will impair the Plaintiff's ability to obtain credit, employment and insurance in the future, or at a minimum going to the expense and aggravation of demonstrating to potential employers, insurance companies or lenders that the foreclosure complaint was filed in error.

75. Based on the actions of Defendant BANA described above, *supra*, the Plaintiff was and is embarrassed by the Motion to Dismiss and Order of Dismissal filed by Manley Deas Kochalski and Defendant BANA as it preserves Defendant BANA's right to act again as described in Paragraphs 85 and 86.

76. Defendant BANA's intrusions occurred in a way that would be highly offensive to a reasonable person in the position of the Plaintiff.

77. The Plaintiff has been seriously damaged by the actions of Defendant BANA and is entitled to receive to an award against the Defendant of punitive damages of at least $25,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gregory Vanover respectfully requests for the following relief against Defendant Bank of America, N.A.:

A) For an award of actual damages against the Defendant in an amount to be determined as to the allegations contained in Counts One through Four;

B) For an award of statutory damages of $1,000.00 against Defendant BANA as to the allegations contained in Count One;

C) For an award of punitive damages in an amount to be determined at trial against Defendant pursuant to 11 U.S.C. § 105 as to the allegations contained in Counts Two and Three or alternatively under state law as to the allegations contained in Count Four; and

D) For all other relief this Court may deem just and proper.

Respectfully Submitted,

*/s/* Brian D. Flick, Esq.
Brian D Flick (0081605)
Marc E. Dann (0039425)
DANNLAW
P.O. Box 6031040
Cleveland, OH 44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

*/s/* Brian D. Flick, Esq.
Brian D Flick (0081605)
DANNLAW